United States District Court
Southern District of Texas
**ENTERED**
August 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2727 |
| | § | |
| ALIEF INDEPENDENT SCHOOL DISTRICT, | § | |
| et al, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss (the "Motion") (Doc. #8), Plaintiff's Response (Doc. #13), and Defendants' Reply (Doc. #15). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion.

This is an employment discrimination case filed by Robert Green ("Plaintiff") against his previous employer, Alief Independent School District ("AISD"), and AISD superintendent H.D. Chambers in his official capacity (collectively "Defendants"). Doc. #3. During an investigation into the handling of a student, AISD discovered that Plaintiff had not disclosed in his employment application that he was terminated by a school district Plaintiff had previously sued for Title VII violations. *Id.* ¶¶ 11–13, 18. Ultimately, the AISD Board of Trustees adopted a recommendation to terminate Plaintiff based on this omission. *Id.* ¶¶ 19, 20.

Following his termination, Plaintiff filed suit against Defendant AISD in the 333rd Judicial District Court of Harris County on July 17, 2019, asserting a claim for unlawful retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA"). Doc. #8, Ex. 1 at 5–10. AISD filed a Plea to the Jurisdiction, arguing that its governmental immunity was not waived under the TCHRA because Plaintiff had failed to exhaust his administrative remedies by failing to file a

charge of discrimination with the Texas Workforce Commission ("TWC"). *Id.* at 14, 21. On April 22, 2020, the Honorable Judge Moore "determine[d] that the Plea should be, in all respects, granted" and thereby dismissed Plaintiff's case "with prejudice due to an incurable lack of subject-matter jurisdiction" (the "State Court Order"). *Id.* at 110. After Plaintiff's motion for a new trial was denied, Plaintiff appealed to the First Court of Appeals in Houston, Texas on June 30, 2020. *Id.* at 111, 114.

Plaintiff then filed suit in this Court based on the same conduct on August 4, 2020. *Compare id.* at 6–9 *with* Doc. #1. A month later, the First Court of Appeals granted a joint motion to withdraw the state court appeal. *Green v. Alief Indep. Sch. Dist.*, No. 01-20-00487-CV, 2020 WL 5415241, at *1 (Tex. App.—Houston [1st Dist.] Sept. 10, 2020). Six days later, Plaintiff filed his First Amended Complaint ("Amended Complaint"), alleging the same factual basis and asserting claims for racial discrimination in violation of 42 U.S.C. Sections 1981 and 1983. Doc. #1; Doc. #3 ¶ 22. Defendants now move to dismiss, arguing, among other reasons, that Plaintiff's entire case is barred by the doctrine of *res judicata*. Doc. #8 at 3.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "allege facts sufficient to state a claim for relief that is plausible on its face." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts." *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 591 (5th Cir. 2020). Federal courts "apply Texas law to determine the res judicata effect of a Texas judgment." *Harmon v. Dallas Cty., Texas*, 927 F.3d 884, 890 (5th Cir. 2019), *as revised* (July 9, 2019). "Under Texas law, res judicata requires (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on

the same claims as were raised or could have been raised in the first action." *Id.*

Here, Plaintiff does not dispute that the latter two elements of res judicata have been met. Doc. #13 at 5–8; Doc. #15 at 1. The only question before the Court is whether the State Court Order constitutes a final judgment on the merits. Plaintiff argues that the State Court Order cannot be a final judgment on the merits because it states that the court lacked subject-matter jurisdiction. Doc. #13 at 7. But "a dismissal based on governmental immunity constitutes a final judgment on the merits for purposes of res judicata." *Harmon*, 927 F.3d at 890 (citing *Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018)) (noting that "under Texas law, a grant of a plea to the jurisdiction is a dismissal on the merits for purpose of res judicata"); *see also Univ. of Texas - MD Anderson Cancer Ctr. v. Phillips*, No. 01-18-00221-CV, 2018 WL 6379503, at *4, *7 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018) (nothing that if a plaintiff "bring[s] suit under the TCHRA against a governmental entity" without first "fil[ing] a sworn, written complaint with the TWC," his claims "are barred by sovereign immunity and the trial court lacks subject-matter jurisdiction over the suit"). As such, the Court finds that Plaintiff's claims against Defendants are barred by the doctrine of res judicata.

Plaintiff requests that "in the unlikely event that this court finds that [Plaintiff's] claims against Defendants are barred by *res judicata*," he be granted leave to file an amended complaint "in order to include the AISD Board of Trustees as Defendants in their individual capacity." Doc. #13 at 8. Plaintiff further states that he will "present additional facts that will support their inclusion in this suit" if such leave is granted. *Id.* "[A] court should freely give leave" to amend pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). "Such leave is not automatic, however, and is at the discretion of the district court." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). Here, not only has Plaintiff already filed an amended complaint, but he "did not present

3

any additional facts that [he] would add to a [second] amended complaint and did not attach a proposed [second] amended complaint." *See Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). This is especially concerning in light of the "heightened pleading standard" required to overcome qualified immunity in a suit against government officials in their individual capacities. *See Jackson v. Texas S. Univ.*, 997 F. Supp. 2d 613, 631 (S.D. Tex. 2014). Plaintiff has not offered any indication of any facts that would meet this standard. *See* Doc. #13 at 8; Doc. #3. As such, Plaintiff's request for leave to amend is denied.

For the foregoing reasons, the Motion is hereby GRANTED and all claims against Defendants AISD and H.D. Chambers are hereby DISMISSED with prejudice.

It is so ORDERED.

AUG 0 9 2021
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge